# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Case No. ED CV 18-426 CAS (PLA)                                   Date  March 14, 2018

Title:  **Paulino Granda v. M. Jensen, et al.**

---

PRESENT: THE HONORABLE   PAUL L. ABRAMS                    ☐ U.S. DISTRICT JUDGE
                                                           ☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANTS:
                NONE                                        NONE

**PROCEEDINGS:        (IN CHAMBERS)**

On February 22, 2018, plaintiff, a federal prisoner who is proceeding *pro se*, lodged for filing a civil rights Complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The Complaint names as defendants several prison officials working at the Federal Correctional Institution ("FCI") in Adelanto, California. (ECF No. 1 at 4, 6-7). Plaintiff's Complaint raises four claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments arising from incidents that occurred in 2016 while plaintiff was incarcerated at FCI. (*Id*. at 4, 6, 8, 40, 111, 164). Plaintiff seeks monetary damages and injunctive relief, in part, for the provision of psychological therapy and to remove records from plaintiff's central file. (See, e.g., *id.* at 14, 53, 119, 172).

Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fee ("*in forma pauperis*" or "IFP Request"). (ECF No. 2). Plaintiff is now incarcerated at the United States Penitentiary, McCreary ("McCreary"), in Pine Knot, Kentucky. (ECF No. 1 at 4; ECF No. 2 at 3). Plaintiff's Complaint does not name any individual defendants working at the McCreary facility.

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, 28 U.S.C. § 1915(g) provides that a prisoner may not proceed in a civil action proceeding *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records from the United States Supreme Court; the Eleventh Circuit Court of Appeals; district courts in the Middle District of Florida and the Southern District of Florida; and this Court reflect that, on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1109-10 (9th Cir. 2013) (discussing when a case is frivolous or malicious or fails to state a claim and can be considered as a strike). Plaintiff also has filed repetitive actions in the United States Supreme Court and in the Southern District of Florida that possibly could be construed as malicious and arguably qualify as strikes pursuant to § 1915(g). See, e.g, LeBlanc v. Asuncion, 699 Fed. Appx. 762, 762 (9th Cir. Oct. 30, 2017) (Case No. 17-55103) (affirming denial of a prisoner's request to proceed *in forma pauperis* and citing Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that it was not an abuse of discretion to dismiss a duplicative complaint as frivolous or malicious under an earlier version of 28 U.S.C. § 1915)) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3); Anderson v. Allen, 2016 U.S. App. Lexis 11434, at *1-2 (5th Cir. June 23, 2016) (upholding district court's dismissal of duplicative IFP suit as frivolous); Childs v. Miller, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a *pro se* litigant files complaints that are repetitive, duplicative of other filings, without merit or frivolous, he abuses the district court process" and "dismissal of a complaint as repetitive and an abuse of process constitutes a strike under § 1915(g)"); Arango v. Butler, 2014 U.S. Dist. Lexis 129321, at *3 (S.D. Fla. Aug. 21, 2014) (finding a duplicative action to be malicious and therefore counting it as a strike pursuant to 1915(g)); Washington v. Gibbons, 2010 WL 2329918, at *1 & n.2 (S.D. Ga. May 18, 2010) (finding dismissal as duplicative to be the same as dismissal for maliciousness). In addition, the Supreme Court has held that a "prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." Coleman v. Tollefson, 135 S. Ct. 1759, 1763, 191 L. Ed. 2d 802 (2015).

In this case, the Court takes judicial notice of plaintiff's following prior actions. See Fed. R. Evid. 201(b)(2) & (c)(1); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (noting that the court may take judicial notice of matters of public record). The Court finds that the following five actions appear to count as prior strikes pursuant to § 1915(g):

(1) Granda v. Schulman, Case No. CV 09-20670-DLG, filed in the Southern District of Florida on March 17, 2009. In a *pro se* civil rights action in which plaintiff was granted leave to proceed IFP, plaintiff raised claims against a private physician. (ECF No. 6). The action was closed on April 27, 2009 (ECF No. 8), upon adoption of a report and recommendation recommending that the action be dismissed for failure to state a claim (ECF No. 6 at 6).
(2) Granda v. Schulman, 373 Fed. Appx. 79 (11th Cir. Apr. 7, 2010), the Eleventh Circuit affirmed the opinion of the district court in Granda v. Schulman, above, that the action failed to state a claim under 42 U.S.C. § 1983 (Case No. CV 09-20670, ECF No. 24 at 14).
(3) Granda v. Amion, Case No. CV 09-21650-KMM, filed in the Southern District of Florida on June 16, 2009. The action was a *pro se* civil rights case raising claims against a judge and law enforcement officials alleging a conspiracy to entrap plaintiff in which plaintiff was granted leave to proceed IFP. (ECF Nos. 49, 61). The action was closed on December 14, 2010 (ECF No. 64), upon adoption of reports and recommendations recommending that the action be dismissed for failure to state a claim (ECF Nos. 49, 61).
(4) Granda v. Amion, Case No. 11-10014-I, on May 17, 2011, the Eleventh Circuit affirmed the district court's dismissal in Granda v. Amion, above, finding the action failed to state a claim and that the appeal was frivolous. (See Case No. CV 09-21650-KMM, ECF No. 76 at 6).
(5) Granda v. Middlebrooks, Case No. CV 10-00551-JES-PRL, filed in the Middle District of Florida on October 21, 2010. The action was a *pro se* civil rights action raising claims against prison officials alleging First Amendment and Due Process Claims in which plaintiff was granted leave to proceed IFP. (ECF Nos. 1, 6). The action was closed on March 18, 2013, for abuse of

the judicial process and failure to state a claim. (ECF No. 58 at 14).

Other relevant cases filed by plaintiff that have been dismissed include:

(1) On January 9, 2017, in the United States Supreme Court, plaintiff's petition for writ of certiorari was denied, Granda v. Ives, 137 S. Ct. 402, 196 L. Ed. 314 (2017), and his petition for rehearing was denied without comment, Granda v. Ives, 137 S. Ct. 721, 196 L. Ed. 2d 591 (2017).
(2) On January 31, 2017, in Granda v. United States, the District Court for the Southern District of Florida denied plaintiff's petition for writ of *audita querela*, adopting a report and recommendation in Case No. CV 16-25316-DMM. In Case No. 17-10725, the Eleventh Circuit affirmed the district court's denial of plaintiff's petition for a writ of *audita querela*. Finding that a writ of *audita querela* may not be granted when a claim is cognizable under 28 U.S.C. § 2255, and plaintiff was attempting to file a successive or second writ of habeas corpus challenging the constitutionality of his sentence. Granda v. United States, 702 Fed. Appx. 938 (11th Cir. Nov. 15, 2017).
(3) Granda v. Middlebrooks, Case No. CV 10-00198-EAK-MAP, in the Middle District of Florida (the case was transferred from CV 10-20095, which plaintiff filed in the Southern District of Florida), was voluntarily dismissed by plaintiff after he refiled the claims in Granda v. Middlebrooks, Case No. CV 10-00551, above. Plaintiff sought injunctive relief pertaining to medical care.

Accordingly, it appears to the Court that plaintiff has accumulated more than three prior qualifying strikes. Plaintiff therefore is barred from proceeding IFP herein unless and until he can show that, at the time this action was lodged for filing, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced **at the time the complaint was filed**, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey v. Dahne, 807 F.3d 1202, 1206 (9th Cir. 2015). Here, it does not appear to the Court that plaintiff could have been under imminent threat of serious physical injury at the time that he initiated this action. Plaintiff's claims arise from actions taken by prison officials at FCI in Adelanto, California, but plaintiff had been transferred to McCreary in Pine Knot, Kentucky, before this action was initiated. Plaintiff's claims herein arise from allegedly intrusive searches and physical abuse by a correctional officer at FCI, retaliation for the grievances that plaintiff filed at FCI, the maintenance of false information in plaintiff's central file, and the loss of his private property. Because plaintiff was residing, and continues to reside, at a facility in a different state, nothing in the factual allegations in the Complaint raises a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he initiated this action.
/
/
/
/
/
/
/
/
/
/
/
/
This Order places plaintiff on notice that the Court is planning to deny plaintiff's IFP Request. If plaintiff's IFP

Request is denied, plaintiff must pay the full filing fee in order to proceed with this action. Plaintiff is hereby **ORDERED** to file a response to this Order to Show Cause **no later than April 6, 2018**. Plaintiff must demonstrate to the Court why leave to proceed IFP should not be denied and why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). **Failure to file a timely response to this Order to Show Cause will be deemed by the Court as plaintiff's consent to the denial of his Request to Proceed Without Prepayment of Filing Fees**.

**IT IS SO ORDERED.**


cc: Paulino Granda, pro se


Initials of Deputy Clerk___ch___